**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OMAR TUNSTALL-CAREY, | |
| Plaintiff, | Civil Action No. 23-4307 (KMW) (MJS) |
| v. | **OPINION** |
| DAVID KELSEY, et al., | |
| Defendants. | |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

I.      **BACKGROUND**

In his complaint, Plaintiff asserts that he is a state criminal pre-trial detainee housed in the Atlantic County Justice Facility. (ECF No. 1 at 2-3.) Plaintiff takes issue with his being "kept on D-Right Cell 10 for 3 weeks with 1 hour out [of his cell] every few days" and his being fed "child

like portions of food." (*Id.* at 5.) Plaintiff provides no further elaboration, other than to note that he seeks to bring his claims against Warden David Kelsey and Deputy Warden Michael Kelly, as well as Aramark, a contractor for the jail involved with food preparation. (*Id.* at 4-5.) Plaintiff connects these Defendants to his claims only by stating that they "maintain power over the jail." (*Id.* at 5.)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff first seeks to raise claims against the warden, deputy warden, and food contractor based on their having oversight and control over the jail and its food supplies. Plaintiff pleads no facts personally connecting them to Plaintiff's claims, and his claims instead appear to be based on a *respondeat superior* theory of vicarious liability. To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs; a claim may not be based solely on a vicarious theory of supervisory liability. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Where the named defendant is a supervisor, municipal entity, or third party contractor who provides a jail with services, a plaintiff seeking to show personal involvement in a violation must plead facts which show that the alleged constitutional violation is the result of a policy or custom put into

3

effect by the contractor, municipality, or supervisor.[1]  *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  A formal policy or custom will be the cause of an alleged violation where it is the "moving force" behind the violation.  *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).  To plead a formal policy, the plaintiff must plead facts indicating that a decisionmaker with final authority established an applicable formal proclamation, policy, edict, or rule.  *Natale*, 318 F.3d at 584.  A corporate custom instead exists where a given action has not been formally approved by the decisionmaker, but is "so widespread as to have the force of law."  *Id.*  To plead a plausible claim, the plaintiff must therefore plead either that a formally instituted policy caused the alleged violation, a policy maker violated the plaintiff's rights directly, or the policy maker failed to take affirmative action to address known inadequate existing practices such that the policymaker can be said to have been deliberately indifferent to the risk of harm posed by the practices.  *Id.*

Here, Plaintiff pleads only a vicarious theory of liability based on Defendants having overall control over the jail and its food supply.  Plaintiff does not plead that the alleged violations he claims were the result of any policy, practice, or custom, nor that any of the three named Defendants were in any way directly involved in the alleged violations.  As Plaintiff has pled no more than an improper *respondeat superior* theory of liability, his claims must be dismissed without prejudice at this time against all three named Defendants.  Therefore, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted, and Plaintiff will be granted leave to file an amended complaint within thirty days.

---

[1] Supervisors, as opposed to municipalities or contractors, may also be held liable based on actual knowledge and acquiescence or direct involvement in the events at hand.  *See Chavarriaga*, 806 F.3d at 222.  However, Plaintiff pleads no such connection to Defendants here.

IV.  **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge